UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN MEYERS,

       Petitioner,

                                CASE NO. 2:08-CV-14806
v.                              JUDGE LAWRENCE P. ZATKOFF
                                MAGISTRATE JUDGE PAUL J. KOMIVES

CAROL R. HOWES,

       Respondent.[1]
_____/

## REPORT AND RECOMMENDATION

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. The Court should also deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Procedural History*

1.     Petitioner Kevin Meyers is a state prisoner, currently confined at the Lakeland Correctional Facility in Coldwater, Michigan.

2.     On May 22, 2006, petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, after pleading no contest in the Kent County Circuit Court. On July 12, 2006, he was sentenced to life in prison.

3.     Petitioner sought leave to appeal to the Michigan Court of Appeals and submitted a motion to remand for an evidentiary hearing raising, through counsel, the following claim:

> Petitioner was denied the effective assistance of counsel when trial counsel misscored the sentencing guidelines, which caused petitioner to plead no contest under the assumption that he would not receive a life sentence.

---

[1] By order entered this date, Carol R. Howes has been substituted in place of Nick Ludwick as the proper respondent in this action.

The court of appeals found no merit in petitioner's claim, and denied leave to appeal as well as the motion to remand for an evidentiary hearing. *See People v. Meyers*, No. 279092 (Mich. Ct. App. Sept. 5, 2007).

4. Petitioner, proceeding *pro se*, sought leave to appeal the same claim to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Meyers*, 480 Mich. 1044, 743 N.W.2d 873 (2008).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on November 4, 2008. As grounds for the writ of habeas corpus, he raises a claim of ineffective assistance of counsel in submitting his no contest plea.

6. Respondent filed her answer on May 18, 2009. She contends that petitioner's claim is not cognizable or without merit.

B. *Factual Background Underlying Petitioner's Conviction*

Petitioner was charged with second-degree murder for stabbing and fatally injuring the victim, Kevin Barker, with a knife during a fight. Plea Tr. at 7. In exchange for the State dismissing other charges, petitioner agreed to plead no contest to the second-degree murder charge. Plea Tr. at 3. At the plea hearing on May 22, 2006, after being sworn in, petitioner was asked by the court if he understood that he was being charged with second-degree murder, a crime for which the maximum prison sentence is life. Petitioner answered yes. Plea Tr. at 4. The court then asked if petitioner understood that by pleading no contest he was giving up his right to a trial and any other rights he would have at trial. Petitioner answered yes. Plea Tr. at 4. The court advised petitioner that if his plea were accepted he would be giving up any claim that it was not his choice to make the plea. Petitioner told the judge he understood. Plea Tr. at 5. The prosecuting attorney then explained the plea agreement and told the court that the State was committed to the E-1 sentence grid, which

carries a sentence of 225-375 months or life. Plea Tr. at 5-6. When asked if the plea had been stated correctly, petitioner responded that it had. Petitioner proceeded to enter a plea of no contest. Plea Tr. at 6. After a brief review of the police report, the court accepted petitioner's no contest plea for second-degree murder, finding it understanding, voluntary, and accurate. Plea Tr. at 7. Petitioner's counsel asked petitioner if he understood that counsel was ready and willing to go to trial. Petitioner said he understood. Petitioner's counsel then asked if petitioner wanted to go to trial or accept the plea bargain. Petitioner said he wanted to accept the plea bargain. Plea Tr. at 8.

Petitioner's sentencing hearing was held on July 12, 2006. Prior to being sentenced, petitioner expressed remorse and said, "I don't care if I get life. I don't care." Sentencing Tr. at 13. The court then imposed a sentence of life in prison.

C.  *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."

3

*Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Validity of Plea/Ineffective Assistance of Counsel*

   1.  *Clearly Established Law*

A plea of guilty[2] is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. 755; *King*, 17 F.3d at 153. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the

---

[2] A no contest plea has the same legal effect as a guilty plea.

5

agreement is no less voluntary that any other bargained-for exchange.

*Id.* at 508 (footnotes omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy,'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a no contest plea, "in order to satisfy

the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [no contest] and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also, O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id.* at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have at least been a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges, after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also, Thirkield v. Pitcher*, 199 F. Supp. 2d 572, 587 (E.D. Mich 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after trial, he cannot show that the advice to plead guilty prejudiced him.").

2.  *Analysis*

Petitioner claims that his plea was involuntary because his trial counsel was constitutionally ineffective. In support of his claim, petitioner argues that his trial counsel led him to believe that he would not be sentenced to life based on trial counsel's professional opinion, off record conversations

7

with the State, and belief that the State would exercise mercy on him during sentencing because of his no contest plea. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

First, the record indicates that petitioner's plea was voluntary. The trial court accepted petitioner's plea because it found that the plea was "understanding, voluntary, and accurate." Plea Tr. at 7. The court informed petitioner of the consequences of his plea and asked him to acknowledge that he understood these consequences before accepting his plea. Nothing in the plea transcript suggests that petitioner was reluctant to submit a plea of no contest or that he was submitting the plea with the understanding that he would not be sentenced to life. He was asked if he understood that he had been charged with second-degree murder, a crime which carries the maximum sentence of life, and he replied, "[y]es, your Honor." Plea Tr. at 4. The fact that petitioner or his counsel did not expect a life sentence does not make petitioner's present claim meritorious. The record demonstrates that petitioner "was fully aware of the consequences when he pleaded [no contest]," therefore, "it is not unfair to expect him to live with those consequences[.]" *Mabry*, 467 U.S. at 511.

Second, even if petitioner's counsel led him to believe that he would not get a life sentence, this mistaken prediction does not rise to the level of ineffective assistance. *See United States. v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) ("an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea."). Despite his counsel's prediction, petitioner was still aware that a life sentence was a possibility when he submitted his no contest plea. Further, even if it is assumed that petitioner's trial counsel erroneously misled petitioner about the sentence he would likely receive prior to the plea hearing, the trial court cured any misinformation during the plea colloquy, making such misinformation non-prejudicial.

*See United States v. Thornton*, 23 F.3d 1532, 1533-34 (9th Cir. 1994). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his involuntary plea and ineffective assistance of counsel claims.

E.   *Evidentiary Hearing*

In his habeas application, petitioner contends that this Court should order an evidentiary hearing to develop a record for his ineffective assistance of counsel claim. The Court should determine that petitioner is not entitled to such a hearing.

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) whether a hearing is permitted under § 2254(e)(2). Even assuming that an evidentiary hearing were permitted under § 2254(e)(2), such a hearing is not necessary here. In making the determination of whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

9

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citations and footnote omitted). Thus, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Id.* (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

As explained above, petitioner's ineffective assistance of counsel claim can be resolved by reference to the existing record. Petitioner claims that his counsel failed to give him accurate information regarding the consequences of his no contest plea. However, as explained above, even if petitioner's trial counsel misinformed him about the possibility of receiving a life sentence, this alleged error was cured by the court during the plea colloquy. Petitioner argues in his habeas petition that had he been properly advised he would have opted to go to trial. However, this claim is belied by the plea transcript. Early in the plea hearing petitioner told the court that he understood that he was charged with second-degree murder, a crime for which the maximum sentence is life in prison. Plea Tr. at 4. Later in the plea hearing, petitioner's counsel informed petitioner that he was ready and willing to go to trial and asked if petitioner wanted to go ahead with the no contest plea despite the fact that if he did go to trial he could potentially receive a much lesser penalty. Petitioner replied that he wanted to go through with the plea bargain even with that knowledge. Plea Tr. at 8-9. Thus, the record shows that petitioner's plea was submitted voluntarily and with the knowledge that a life sentence was a possible consequence. This resolves petitioner's ineffectiveness of counsel claim because even if counsel had misled petitioner to believe that he would not receive a life sentence, the trial court cured the misunderstanding making it non-prejudicial. Thus, petitioner is not entitled to an evidentiary hearing under Rule 8.

F.      *Recommendation Regarding Certificate of Appealability*

    1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides

that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a

certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

If the Court accepts this recommendation regarding the merits of petitioner's claim, the Court should conclude that petitioner is not entitled to a certificate of appealability. The record establishes that petitioner's plea was entered knowingly and voluntarily. Further, it is not reasonably debatable that petitioner would be unable to prove that his counsel was ineffective at an evidentiary hearing because any misinformation petitioner's counsel may have communicated to petitioner before the plea hearing was cured by the trial court during the plea colloquy. Thus, the conclusions that petitioner's plea was voluntary and that counsel was not ineffective are not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 6/21/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 21, 2010.
>
> s/Eddrey Butts
> Case Manager